UNITED STATES BANKRUPTCY COURT
DISTRICT OF MAINE

In re:

**KEVIN A. FALLEN, &
SUNDAE D. FALLEN**,

Debtor(s)

Chapter 13

Case No. 14-20077

**DEBTORS MEMORANDUM/RESPONSE TO OBJECTION OF LBM PROPERTIES TO
DEBTORS' HOMESTEAD EXEMPTION**

NOW COME Debtors, by and through counsel, Law Office of J. Scott Logan, LLC, and Respond to LBM's Objection to homestead exemption as follows:

**INTRODUCTION**

Debtors purchased the residence and function hall located at 62 Chicopee Road, Buxton, Maine, in 1986. The property consists of 3.12 acres with a single driveway, parking lot, aging 1974 function hall attached to a duplex, which the Debtors use as their residence and office space, freestanding garage, on which Debtor's mother, Marie Fallen, placed a mobile home purchased in 2001 and financed through Northeast Bank, and a small storage shed. The mobile home is titled solely in the name of Marie Fallen, and is subject to a mortgage to Northeast Bank with an original principal balance of $51,395.00. Debtors are employed as caterers and one of their businesses is based out of the property and occasionally hosts events there.

On or about January 28, 2008, Debtors refinanced their mortgage on the property, taking out a $340,000 loan with Maine Bank and Trust, now Peoples United Bank. That mortgage had an outstanding balance of $212,947 as of the filing date. Debtors also owed at least $5,042 to the Town of Buxton for property taxes as of their filing date. Debtors are both over the age of 60 and have used the property as their principal residence for many years. They have asserted a $178,000 homestead exemption in the property.

In April 2014, People's United Bank performed an exterior appraisal. That appraisal did not consider some $82,000 in needed repairs, in fact, did not involve an interior inspection, included the mobile home owned by Marie Fallen and subject to its own mortgage, but proposed a total market value of $412,000 and a liquidation value of $247,000. On their schedules, Debtors listed the property, excluding the value of the mother's mobile home, at $300,000. Creditor LBM Properties filed an objection to the homestead exemption on the basis of the mixed-use of the property.

**LEGAL ARGUMENT**

The United States Bankruptcy Code provides that debtors may exempt $22,975 in equity in property that the debtor or a dependent uses as a residence. 11 U.S.C. §523(d)(1). However, many states have opted out of the federal exemption scheme, instituting their own state law exemptions in their place. As a consequence, courts wrestle with whether to uphold homestead exemptions and exemption law is unsettled. In Maine, Debtors over the age of 60 or with minor

or aged dependents, are entitled to an exemption of up to $95,000 each in real or personal property the debtor or a dependent uses as a residence. 14 M.R.S.A §4422(1) However, because Maine's homestead exemption is contingent upon use as a residence, property used solely for business or perhaps primarily for business that is capable of division could lose part of its "residential" exemption status.

Here, where Debtors have a business on their residential real estate, creditor LBM properties argues that part of the asset is nonexempt. However, because the property is not divisible and because the business use is not sufficiently separate from the business, the entire property should be subject to the exemption. Moreover, here, Debtors owe a mortgage and property tax that encumber the entire property and cannot be bifurcated into residential and business portions, such that any business use of the property is fully encumbered by those consensual liens.

**A Debtors' property is not subject to division between business and residential use.**

Creditor LBM Properties argues that because Debtors have "improperly" combined a residential and commercial use on their property, some part of the property should not be subject to a $178,000 homestead exemption. In reaching this conclusion, LBM Properties appears to rely solely upon In re MacLeod, 295 BR 1 (Bankr. D. Me. 2003). In that case, a Debtor asserted an exemption in not only his mobile home and lot, but in an entire mobile home park in which his unit was located. Judge Kornreich correctly noted that Maine's homestead exemption is based upon use and while the exemption may extend to incidental business use, like a home office, it does not extend to a primarily commercial enterprise, like running a mobile home park. See id. While LBM correctly notes some similarities here, particularly as Debtors treat a portion of the property as a business enterprise, it fails to note the essential distinction; while a mobile home can be separated from the others in a park, the Debtors' living quarters are connected to the function hall. Only by physically severing the shared walls and moving either the residential quarters or the aging 8,000 square foot function hall, can the properties be divided, assuming the lot may be subdivided. In fact, most cases that have limited the homestead exemption to a portion of a property, did so because the residential quarters were capable of division. See ie In re Mirulla, 163 BR 910 (Bankr. D. NH 1994). When facts or state law doesn't provide for partition of residential and nonresidential parts, bankruptcy courts have consistently upheld the applicability of the exemption to the entire property. See In re Carey, 282 BR 118 (Bankr. D. Ma. 2002), In re Brixida, 276 BR 316 (Bankr. D. Ma. 2002), In re Kewriga, (Bankr. D. Ma. 2001).

A particularly apropos example is the In re Robinson case. 75 BR 985 (Bankr. W.D. Mo. 1987. In that case, Debtors were able to use a homestead exemption to protect a "now deserted restaurant and a quiescent bar." Id. Here, Debtors' living quarters are attached through a kitchen to a 1974 function hall. While they still occasionally host events, such that the premises may not be "quiescent," the hall is aged and used infrequently. Where, as here, the living quarters cannot be partitioned from the business use, and in fact, the driveway is shared, it is inappropriate to limit the homestead exemption to that part of the property in which the Debtors sleep.

**B. Debtors' property is encumbered by liens that are not subject to bifurcation**

In January 2008, Debtors took out a loan with Maine Bank and Trust to invest in their business. In exchange for $340,000, Debtors paid off their mortgage and granted to

Maine Bank and Trust a mortgage against their entire property. The outstanding balance as of the filing date was approximately $213,000. In addition, Debtors owed between $5,000 and $6,000 to the Town of Buxton for property taxes encumbering the entire property. Even if the business and residential portions of Debtors' property were capable of partition, as a mobile home unit in a park or units in a hotel are, the business portion would still remain encumbered by the mortgage and the tax lien. The entire property, including a mobile home owned by a third party and subject to a mortgage that may approach $40,000, has been "appraised" at $247,000 to $412,000. Excluding that mobile home, the value might be $215,000 to $375,000. Removing the residential portion, the driveway, and some part of the acreage, and the remaining landlocked function hall's value is likely less than the $218,000 in liens against it. Debtors have been unable to locate a single case involving a challenge to an exemption where mortgages encumbering the entire property are discussed, presumably because such litigation is only warranted when the properties are unencumbered. Even where the property uses may be partitioned, it is simply inequitable to also partition the consensual liens between residential and business portions.

## CONCLUSION

Debtors use a function hall physically connected to their living quarters, on a shared lot, with a single driveway, for a small portion of their business. In Maine, the homestead exemption is determined by use and, where the property can be partitioned, the homestead can be limited to the residential portion. Here, that is simply not the case. Moreover, debtors owe substantial consensual liens encumbering the whole property that similarly should not be partitioned between uses. If they are denied application of the homestead exemption to the entire property, they may not be able to reorganize with their function hall. Surrender would entail default on their mortgage, substantial and invasive construction to amputate a building connected to their living quarters, subdivision of their lot, and erection of a new driveway, all so the mortgage holder and Town could liquidate a portion of the collateral in partial satisfaction of their claims. Moreover, Debtors may not be able to afford the costs of rendering their residence habitable afterwards. Such a result would offer no benefit to the objecting creditor and would seriously undermine Debtors' reorganization. Where, as here, partition is simply infeasible, Debtors should be allowed to apply their entire homestead exemption to the entire property at which they reside, regardless of an incidental or insubstantial business use.

Dated at Portland, Maine, this 4th day of June 2015.

LAW OFFICE OF J. SCOTT LOGAN, LLC

.                                                                            By: /s/ J. Scott Logan
J. Scott Logan, Esq.
Counsel for Debtors
75 Pearl Street, Ste. 211
Portland, Maine 04101

(207) 699-1314

## CERTIFICATE OF SERVICE

I, J. Scott Logan, Esq., do hereby certify that I am over eighteen years old and I have this day caused a true and correct copy of Response to be served on the parties at the addresses set forth on the Service List attached hereto via either electronically or via first class U.S. Mail, postage prepaid.

Notice will be electronically mailed to:

U.S. Trustee's Office
Peter C. Fessenden, Esq., Chapter 12 Trustee
All parties who requested electronic notice

By: /s/ J. Scott Logan
J. Scott Logan, Esq.
Counsel for Debtors
75 Pearl Street, Ste. 211
Portland, Maine 04101
(207) 699-1314