UNITED STATES BANKRUPTCY COURT
DISTRICT OF MAINE

In re:

KEVIN A. FALLEN, &
SUNDAE D. FALLEN

Chapter 13
Case No. 14-20077

**Debtors**

## OBJECTION TO DEBTORS' MOTION
## FOR LEAVE TO DESIGNATE AN EXPERT WITNESS

Creditor LBM Properties, LLC objects to Debtor's motion for leave to designate an expert witness (docket #58, the "Motion").

### I. Objection to Debtors' Request for a Late Expert Designation

1. Under the initial Pretrial Order, Debtors were required to designate an expert, "if any, no later than March 6, 2015." Doc. # 36, § V, at 3 (Feb. 22, 2015). Debtors made no such designation before March 6, 2015.

2. Under the Amended Joint Pretrial Statement/Pretrial Order, all parties agreed, and this Court recognized, that "Debtors' deadline for expert disclosures has already passed." Doc. # 46, § VI, at 3 (April 1, 2015). Debtors provided no expert designation before that Order. The discovery deadline expired on June 4, 2015. *Id.*, § VII(d) at 4.

3. As of this writing, and despite Debtors' currently pending Motion for a late designation Debtors have still not provided a designation that conforms with Rule 26(a)(2), nor have Debtors even provided a copy of their purported expert's appraisal report to Creditor LBM Properties, LLC. Debtors' request for an admittedly tardy expert

should not be allowed. *See* F.R.Civ.P. 26(a)(2) & 37(c)(2); *see also* F.R.B.P. 7026 & 7037 (incorporating Rules 26 and 37 by reference).

4. Debtors listed their purported expert, Mr. Pendexter, on a witness list circulated late in the evening on June 24, 2015, without circulating his appraisal report. While Mr. Pendexter's name has appeared a few times in discovery, Debtors made no unequivocal statement of their intent to call him as an expert. It seems that the kind of unequivocal statement is the entire purpose of a timely expert designation under Rule 26(a)(2)(B).

5. The First Circuit explains the importance of expert designation deadlines:
   Since an important object of these [expert disclosure] rules is to avoid trial by ambush, the [trial] court typically sets temporal parameters for the production of such information. *See, e.g.,* Fed.R.Civ.P. 16(b). Such a timetable "promotes fairness both in the discovery process and at trial." *Thibeault v. Square D Co.*, 960 F.2d 239, 244 (1st Cir.1992). When a party fails to comply with this timetable, the [trial] court has the authority to impose a condign sanction (including the authority to preclude late-disclosed expert testimony). *Id.* at 245.

*Macaulay v. Anas*, 321 F. 3d 45, 50 (1st Cir. 2003) (*affirming* district court's preclusion of new expert testimony that was not timely disclosed). The Debtors' requested late designation constitutes an ambush of the kind warned about by the First Circuit. The belated appraisal report—still not revealed to LBM Properties—will contain some information new to LBM Properties. Debtors propose to share this information with LBM Properties, for the first time, a week before a trial that has been ordered and scheduled as far back as February 5, 2015. *See* docket # 32 (status conference on that date setting initial hearing date). Such a remarkably remarkably late designation would deprive the Creditor an opportunity to examine the appraisal report and depose Mr.

Pendexter sufficiently in advance of trial to allow for reasonable trial preparation, or would delay a trial that has been scheduled for months; either way results in unfair harm and/or delay, and Debtors should not be so rewarded.

6. The burden is on the Debtors to explain their failure to designate timely. The Maine District Court explains that "[t]he burden is on the party that has failed to comply with discovery deadlines to establish that its failure is harmless." *Fortin v. Town of Wells*, 09-cv-179-P-S (Oct. 13, 2009)(D. Me.)(Memorandum Decision on Motion to Amend Scheduling Order and Motion to Strike Expert Designations). This hearing has been pending for months, during which time the parties agreed to a two month extension of the discovery deadline. *Compare* docket # 36, § VI(d), at 4 (deadline of April 3, 2015) *with* docket # 46, § VII(d) at 4 (deadline of June 4, 2015). Documents produced in discovery seem to indicate that Mr. Pendexter was retained on or about March 4, 2015. That early retention of Mr. Pendexter should have provided Debtors with ample time to complete a designation. Even if slightly late, Debtors could have asked for additional time to designate their expert well in advance of this late date a week before trial. For reasons known only to the Debtors, they chose not to do so. Deadlines came and went without Debtors asking for more time to designate an expert, and now Debtors want to ambush all other parties with a late expert designation.

7. Even at this writing a week before trial, LBM Properties has seen neither the appraisal report nor the rest of the designation as required by Rule, still preventing meaningful preparation to examine this purported expert. By leaving such little time to react before the scheduled trial, Debtors will be unable to show the harmlessness of

their failure. Therefore, LBM Properties objects to the Debtors' request for a late expert designation.

WHEREFORE, Creditor LBM Properties, LLC objects to Debtors' request for leave to make a late expert designation. A motion in limine will follow, which will contain a draft order.

## II. Objection to Debtors' Discussion of Initial Disclosures

8. Creditor LBM Properties wishes to call the Court's attention to a statement in the Debtors' Motion that is striking in its omission. Debtors state that "To date, LBM appears not to have filed initial disclosures." Motion, (docket #58), ¶ 5. While literally true, Debtors fail to disclose to the Court that LBM Properties timely and properly served its initial disclosure on February 27, 2015. *See* Exhibit 1 (attached, true and accurate copy of the transmittal email and initial disclosure of that date; documents produced that day omitted for brevity).

9. It is disappointing that the Debtors would raise this as an issue at all. Debtors do not complain that they did not receive Creditor's initial disclosure—only that Creditor did not file it on the docket. Creditor is aware of no such filing requirement. Under Rule 26(a)(1)(A) a party need only "provide" initial disclosures. Moreover, under the initial Pretrial Order that governed initial disclosures, the parties agreed and the Court ordered that "[d]iscovery requests, responses, discovery notices, and any other discovery materials may be served electronically via electronic mail." Docket # 36, §

VI(b) (Feb. 22, 2015). It is therefore difficult to comprehend what Debtors attempt to accomplish by gratuitously raising this non-issue and omitting a key ameliorating fact.

WHEREFORE, Creditor LBM Properties, LLC objects to the Debtors' discussion of initial disclosures and Debtors' omission from that discussion the fact that Creditor timely served its initial disclosure by electronic mail.

Dated at Portland, Maine this 25th day of June, 2015.

/s/ Timothy E. Steigelman
Timothy E. Steigelman
Attorney for LBM Properties, LLC

KELLY, REMMEL & ZIMMERMAN
53 Exchange Street
P.O. Box 597
Portland, Maine 04112-0597
(207) 775-1020

## CERTIFICATE OF SERVICE

I, Timothy E. Steigelman, attorney for LBM Properties, LLC hereby certify that I have caused to be served on this day true copies of the above pleading with one exhibit upon the parties listed on the Notice of Electronic Filing on this date.

Dated at Portland, Maine this 25th day of June, 2015.

/s/ Timothy E. Steigelman
Timothy E. Steigelman, Esq.
Attorney for LBM Properties, LLC